UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
|  | Case No. _____ |
| **Mr. Naeem Ahmed** <br><br> **Plaintiff** <br><br> V. <br><br> **HOSTING.COM** <br> 900 S. Broadway <br> Suite 400 <br> Denver, CO 80209 <br><br> And <br><br> **JOHN DOE** <br><br> **Defendants** | Complaint |

Mr. Naeem Ahmed (hereinafter referred to as the "Plaintiff"), for his cause of action herein, states as follows:

## INTRODUCTION

1. That the Plaintiff is filing this suit to protect its established and licensed trademark "THE NEWS" **("the Impugned Mark")** in United States, as it has recently come to the notice of the Plaintiff that very serious nature of infringements regarding the same trademark has been seen through a website http://www.thenews.com.pk/ **(the "Impugned Domain"),** being controlled and hosted by the Defendants No. 1 and being operated by the Defendants No. 2.

## PARTIES

2. That, the Plaintiff, and at all times relevant hereto, is domiciled in Karachi Pakistan

3. That the Plaintiff is a law abiding professional.

4. That the Defendant No. 1, and at all times relevant hereto, is a corporation, having its corporate headquarter at 900 S. Broadway Suite 400, Denver, CO 80209, United States.

5. That the Defendant No. 1 is a Service Provider/hosting company of the Impugned Domain and exercises full control over the same.

6. That the Defendant No. 1 is , as it claims on its website, leader in enterprise hosting solutions such as Cloud Hosting, Dedicated Hosting, Disaster Recovery, and Business Continuity Services. Hosting.com owns and operates its own datacenters and networks, employs more than 325 employees, and has been financially stable and profitable since its inception in 1997. Respondent No. 1 owns and operates six geographically-dispersed data centers across the United States under an ITIL-based control environment independently validated for compliance against the PCI DSS and SOC (formerly SAS 70) frameworks.

7. That the Defendant No. 2 is John Doe and is the infringer of the trademark of the Plaintiff.

## JURISDICTIONAL STATEMENTS

8. The Court has subject matter Jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and the Defendant No. 1 and the amount in controversy exceeds $75,000 exclusive of costs and interest.

9. That the Jurisdiction over Defendant No. 1 is proper because the Defendant No 1 is involved in the business of electronic commerce/Internet Commerce for hosting and having control over its services being provided in not only United States but all over the globe.

10. The residents of the Massachusetts have control and access to the infringing Domain i.e. http://www.thenews.com.pk/. same infringing upon the stylized trademark logo of the Plaintiff. The misuse of the trademark belonging to a Massachusetts resident should be enough to constitute minimum contacts for the purposes of establishing the personal jurisdiction between the Plaintiff and the Defendant No. 1.

11. That the injury and harm to the Plaintiff has occurred in the Massachusetts.

12. That even otherwise the Court has subject matter jurisdiction for the claim being of Trademark infringement.

13. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in the District.

### FACTUAL STATEMENTS

14. That the Plaintiff is the common law and statutory licensee of the Impugned Mark in several countries including United Status, through Trademark Number: 86123789. **(See Annexure A)** The Plaintiff has been using the same logo since 1998 in connection with the news publication; broadcasting; telecommunication; news; entertainment; live shows; comedy in Classes 38 and 41 of the International *Classification* of Goods and Services for the Purposes of the Registration of Marks under the *Nice* Agreement.

15. That, to shock and dismay of the Plaintiff, it has recently disclosed to the Plaintiff that the Impugned Domain is confusingly similar to the Trademark of the Plaintiff, and the operator/user/owner of the Impugned Domain is using the Trademark name as well as the stylized logo (the **'Impugned Logo'** – **Annexure A**) as its own, without the permission and consent of the Plaintiff.

16. That the Defendant No. 2 is using the Plaintiff's trademark to divert traffic to the Impugned Domain in violation of multiple international conventions, treaties as well as criminal laws and civil laws regarding trademark

infringement, counterfeiting, and unfair competition. The owner/operator/user of the Impugned Domain has acted *mala fide* and his act of using Plaintiff's trademark in his business and on his website is illegal, unlawful, unauthorized and damaging to the name, business and repute of the Plaintiff.

> **[Screenshot containing the evidence of the infringement of the Impugned Trademark is annexed herein as Annexure - B]**

### DEFENDANTS KNOWLEDGE OF THE FALSITY

17. That, all the Defendant No. 1 was informed and was sent a notice of trademark infringement dated: 21.11.2013, therefore the same was fully aware of the infringement of the Plaintiff's Trademark.

18. That, it is further added as per the knowledge of the Defendant No. 1 that the defendant has actual knowledge of the website's activities, that Defendant No. 1 knowingly avoided learning the full extent of the infringing activities and deliberately disregarded the notice/notifications of the Plaintiff. Therefore, the Defendant No. 1 knowingly enabled the infringing conduct by hosting the Impugned Domain willfully permitting the website to display the logo of the Plaintiff as their own, and in consequence the Plaintiff suffered irreparable harm and damage.

19. The Defendant No. 1 had the constructive knowledge of the fact that its customer, Defendant No. 2, was using its services to directly infringe the Plaintiff's intellectual property rights, and the same "had reasonable means to withdraw its services so that they could not be used to directly infringe but continued to provide its services", but deliberately failed to stop the infringement and mitigate the harm to the Plaintiff.

20. That the Plaintiff is continuously suffering loss and harm to its business, repute and the same is continuously imputing the brand identity and saturation of the brand/logo of the Plaintiff, which can cause irreparable loss to the Plaintiff.

21. That, the Defendant No. 1 has even refused to provide the required information regarding the owner/operator/user of the Impugned Domain and Impugned logo to the Plaintiff. That shows the obvious *mala fide* on part of the Defendant No. 1 and its willful aid and abetment in the infringements of the intellectual property rights of the Plaintiff by the Defendant No. 2.

## HARM TO BUSINESS

22. Since the infringement of the trademark of the Plaintiff, the Plaintiff business has suffered heavy losses due to confusion among the customers of the Plaintiff as many of the customers have been deceived into diversion to the Impugned Domain.

23. The infringement is causing saturation of the logo and brand of the Plaintiff thus causing irreparable loss to the brand and identity of the Plaintiff's business.

24. That, the continuous infringement of the Plaintiff's Trademark has caused mental torture, mental agony and stress to the Plaintiff and thus has diminished his working ability.

25. As a direct and proximate result of the actions of the Defendant/s as detailed above, the Plaintiff has suffered irreparable loss and damage to his business and goodwill gained thereby.

26. That the injuries are the natural consequence of, and directly and proximately caused by, the willful and deliberate act of the Defendants.

## FIRST CAUSE OF ACTION- TRADEMARK INFRINGEMENT

27. The Defendants illegal, unauthorized use of the trademark of the Plaintiff is first cause of action against the Defendants.

28. The Plaintiff sent a Trademark infringement notice to the Defendant No. 1 for to Cease and Desist the infringement of the intellectual property rights of the Plaintiff, but the same failed to do so and let the violations continue.

29. That the Defendant has knowledge of the infringement but instead ignored to redress the grievances of the Plaintiff.

30. That, the Defendant No. 1 has even refused to inform infringer or produce its information to the Plaintiff, showing obvious *mala fide*.

### SECOND CAUSE OF ACTION – PUNITIVE DAMAGES

31. That the actions of the Defendants were intentional, mala fide, illegal, unlawful and full with damaging intentions.

32. That the act of infringement has caused loss up to $ 5 Million till the filing of this case and is growing on everyday basis.

WHEREFORE, Plaintiff request that this Court enter judgment against all Defendants, jointly or severally, as follows:

    i.    Damages in the amount of $ 5 Million.

    ii.    Punitive damages and attorney's fees; and

    iii.    Any and all relief to which Plaintiff may appear entitled.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of the Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: 12/9/13

Respectfully submitted,

Mr. Naeem Ahmed

**ANNEXURE - A**

INTERNATIONAL
# THE NEWS